IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-50951
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILY PADILLA-TRUJILLO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-365-2-B
- - - - - - - - - -
February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Emily Padilla-Trujillo appeals her sentence after pleading
guilty to conspiracy to import marijuana, importation of
marijuana, conspiracy to possess with intent to distribute
marijuana, and possession with intent to distribute marijuana.
Padilla-Trujillo argues that because she was a mere courier of
marijuana, her offense level should have been downwardly adjusted
for her mitigating role in the offense.  She points to the

—————————————

[*]This matter is being decided by a quorum.  28 U.S.C. §
46(d).

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

guideline commentary to U.S.S.G. § 3B1.2 which states that the downward adjustment for a minimal participant would be appropriate "in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." § 3B1.2, comment. (n.2). She argues that this court's rejection of that commentary in United States v. Buenrostro, 868 F.2d 135 (5th Cir. 1989) can no longer stand after the Supreme Court's subsequent opinion in Stinson v. United States, 508 U.S. 36 (1993), in which the Court held that the guideline commentary is binding.

Padilla-Trujillo's argument that Buenrostro is no longer good law after Stinson is without merit. The commentary does not require a downward adjustment for couriers, but only states that such an adjustment "would be appropriate." § 3B1.2, comment. (n.2). Nothing in Stinson's holding that guideline commentary is binding would prevent a district court from determining that the adjustment is not appropriate under the facts of the particular case. In this case, the district court's determination was not clearly erroneous, because the amount of marijuana, 115 pounds, or 52.48 kilograms, was not small. See United States v. Hare, 150 F.3d 419, 427-28 (5th Cir. 1998) (50 pounds of marijuana not a small amount).

AFFIRMED.